JOSEPH A. PIERCE, Admr., *vs.* GEORGE K. SWAN, Admr.

PROVIDENCE—MAY 24, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Construction of Will. Surplus of Personal Estate not Bequeathed.*

A testamentary bequest was as follows : "After all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give and bequeath to my beloved wife A. during her natural life, the real estate after her decease to be divided equally between my brothers and sisters. I also give to my sister M. a home with my wife as long as she remains single or unmarried."

*Held*, the only disposition made of the personal estate being to the wife for life, upon her decease it became intestate estate and subject to distribution as such, as provided by statute.

BILL IN EQUITY for construction of certain provisions of a will. Heard on bill.

MATTESON, C. J. This is a case stated for an opinion. The question submitted arises under a clause of the will of Waterman James, which is as follows : "After all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give and bequeath to my beloved wife Abbie

F. James during her natural life, the real estate after her decease to be divided equally between my brothers and sisters. I also give my sister Marvil M. James a home with my wife as long as she remains single or unmarried." The testator died April 5, 1898, and his widow, Abbie F. James, on or about August 3d, of the same year. The question is, who is entitled to the residue of the testator's personal estate now that his widow has deceased?

It is contended by the administrator on the estate of the widow that the bequest to her of the residue of the testator's personal estate, though expressed to be for life, was intended to be an absolute gift. This contention is based on the consideration that, though the will contains a limitation over, in the case of the real estate, to the testator's brothers and sisters, there is no such limitation concerning the personal estate, and no other disposition of it made. And it is further suggested that the provision that the testator's sister shall have a home with his wife implies that her support should devolve on the wife, and that such support would naturally come out of the personal property of the testator.

(1) We think that this construction is too conjectural. We have to gather the intention of the testator from what he has said, rather than from that which he has not said. The only disposition which the will makes of the personal estate is to the wife for life. What shall be done with it on her death the testator has not said, and therefore it must be deemed to be intestate estate. This being so, it is to be distributed, as provided by Gen. Laws R. I. cap. 216, § 9, one-half to the next of kin of the testator and the other half to the next of kin of the widow. *Wood* v. *Mason*, 17 R. I. 99 (105).